DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE
*v.* UNITED BONDING INSURANCE CO.

CONVERSION—COLLECTION AGENCY—SURETY—LIABILITY—COLLECTIBIL-
ITY OF DEFENDANT—STATUTE.

Action brought against defendant surety company on a collection
agency bond, under the collection business act, is not barred
by bringing an action solely against the collection agency for
conversion first, or by any intermediate steps to settle or reduce
the amount in default, it being the intent of the legislature
that this remedy be available in addition to all others (CLS
1961, §§ 445.202, 445.204).

Appeal from Wayne, Farmer (Charles S.), J.
Submitted Division 1 December 10, 1968, at Detroit.
(Docket No. 4,158.)   Decided January 27, 1969.

Complaint by Detroit Automobile Inter-Insurance
Exchange, a reciprocal inter-insurance exchange,
against United Bonding Insurance Co., an Indiana
corporation, for recovery under a statutory collec-
tion agency bond.   Verdict and judgment for plain-
tiff.   Defendant appeals.   Affirmed.

*Clair W. Pike,* for plaintiff.

*Edward M. Miller,* for defendant.

PER CURIAM.   Plaintiff in this case first started an
action against Regional Credit Bureau for conver-

---

REFERENCE FOR POINTS IN HEADNOTE
18 Am Jur 2d, Conversion § 136 *et seq.*

sion, which resulted in a judgment. Regional Credit proved to be uncollectible. At this point plaintiff brought an action for recovery under a statutory collection agency bond, posted by the defendant herein for the Credit Bureau. Defendant interposed three defenses: election of remedy in that plaintiff sued on a promissory note, which evidenced an agreed shortage; novation, in that plaintiff brought suit against the collection agency without joining the bonding company, defendant herein; and accord and satisfaction, in that plaintiff obtained a judgment against the collection agency only and exhausted its post-judgment collection proceedings thereon.

The statute[1] controls and provides in part:

"This remedy shall not be considered as exclusive but in addition to all other remedies provided by law in such cases."

Election of remedies, novation, accord and satisfaction have no effect under this statute. The construction of this statute is, that when all else fails, there is still protection under the statutory bond. CLS 1961, § 445.204 (Stat Ann 1964 Rev § 19.655[4]) provides the specific authority to sue the bonding company when there is a loss resulting from a violation of the statute, regardless of any intermediate attempts to settle or reduce the amount. If there is a loss and it remains, the bond is available. It is the plain provision of the statute that the remedy under the bond is not exclusive, but is in addition to all other remedies provided by law in such cases.

The purpose is to protect the public in dealing with a collection agency from losses occasioned by a conversion of funds. It was the obvious intent of the legislature in enacting the statute that sureties

---

[1] The Collection Business Act, CLS 1961, § 445.202 (Stat Ann 1964 Rev § 19.655[2]).

would become responsible under the bond for such losses. Any other construction would disregard the legislative intent and defeat one of the main reasons for its enactment.

Under the statute, defendant United Bonding Insurance Company is liable under its bond to the plaintiff.

Affirmed. Costs to appellee.

McGREGOR, P. J., and FITZGERALD and J. H. GILLIS, JJ., concurred.